

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GINGER LEBLANC | CIVIL ACTION |
| VERSUS | NO: 04-0923 |
| JO ANNE B. BARNHART COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | SECTION: "A" (4) |

## REPORT AND RECOMMENDATION

I. **Introduction**

Before the Court is a **Motion for Summary Judgment (Rec. Doc. No. 8)** filed by the plaintiff, Ginger LeBlanc, which was referred to the undersigned United States Magistrate Judge pursuant to **Title 28 United States Code § 636(b)** and Local Rule 19.02E(b) for the submission of Proposed Findings and Recommendations.

In the motion, the claimant challenges the sufficiency of the affirmative defenses set forth by the commissioner in which she challenges (1) the sufficiency of the court's jurisdiction over the person of the defendant and (2) the sufficiency of the service of process.

In the motion, the plaintiff alleges the service of process made upon the defendant complies with the Federal Rules of Civil Procedure. She further alleges that service was made on John Ashcroft, U.S. Attorney General by certified mail and on Jo Anne Barnhart of the Social Security Administration. Copies of the certified mail receipts were attached as exhibits to the subject motion.

DATE OF MAILING  NOV 2 3 2004

DATE OF ENTRY
NOV 2 3 2004

___ Fee____
___ Process____
_X_ Dktd____
_✓_ CtRmDep____
___ Doc No.____ 13

Therefore, the affirmative defense of lack of personal jurisdiction due to lack of proper service is allegedly improper.

## II. **Standard of Review**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248 (1986).

Initially, the moving party must inform the Court of its basis of a motion for summary judgment, and "identif[y] those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Washington v. Veneman*, No. Civ. A. 02-2678, 2004 WL 170315, at *2 (E.D.La. Jan. 27, 2004) *aff'd per curiam* No. 04-30233, 2004 WL 213744 (5th Cir. Sept. 23, 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party meets this burden, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* "[M]ere allegations or denials" are not sufficient, rather, the non-movant must present "specific facts" which establish an issue for trial. *Id.* (internal citations omitted).

When considering a motion for summary judgment, a Court must view the record in the light most favorable to the non-movant. *Chavez v. Prasifka*, No. 04-40152, 2004 WL 2107789, at *1 (5th

Cir. Sept. 22, 2004) "The party opposing a motion for summary judgment, with evidence competent under Rule 56, is to be believed." *Leonard v. Dixie Well Svc. & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir. 1987).

### III.    Analysis

The Federal Rules of Civil Procedure provide that in order to serve an officer or agency of the United States, a plaintiff must serve the United States and send a copy of the summons and complaint by registered or certified mail to such officer or agency. *See* Fed.R.Civ.P. 4(d)(5). Service is made upon the United States "by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought ... and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia ..." Fed.R.Civ.P. 4(d)(4).

Fed. R. Civ. P. 4(d)(4)(c) provides that in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency. Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment. *See Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir.1987) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court.").

This matter was set for hearing on July 14, 2004. The defendant has not filed a response. The evidence shows however that on April 23, 2004, a letter was forwarded to the U.S. Attorney General requesting a waiver of service. This document was received by the Court on April 26, 2004. There is no evidence that the Attorney General agreed to waive service.

Also on April 23, 2004, a certified letter requesting waiver of service was forwarded to the Commissioner of Social Security. The complaint, a request for waiver of service and the pauper application was received on April 26, 2004. However, there is no evidence that the Commissioner signed the waiver of service.

Thereafter, on June 29, 2004, according to the affidavit of Amelie Becnel, the plaintiff's counsel's secretary submitted an affidavit and states that she placed an envelope in the mail along with certified copies of the complaint on June 29, 2004. She further states that on July 6, 2004 someone with the attorney general's office accepted service on July 16, 2004. In a separate affidavit, she also sent a certified copy of the complaint to the Commissioner of the Social Security Administration which was accepted by the agency on July 6, 2004.

The Court notes that at the time the plaintiff filed her complaint on April 2, 2004, she did not properly effectuate service of process such that the defense as asserted by the defendant on June 22, 2004 was accurate.[1] The plaintiff only contends that the original attempt to serve by requesting waiver was effective even though neither agency representative accepted service. However, the letter request for service was ineffective and the Rule required that service take place by forwarding a certified copy of the complaint in the mail and by forwarding it to the appropriate agency representative. Therefore, the request to strike the defenses of the Commissioner is denied.

## IV.  Recommendation

For the reasons assigned above, the undersigned recommends that the Motion for Summary Judgment **(Rec. Doc. No. 8)** be **DENIED**.

---

[1] Since that time and only after receiving the defendants affirmative defense regarding jurisdiction and service, the plaintiff complied with the Federal Rules of Procedure with the service requirements by forwarding the complaint by certified mail on June 29, 2004 to the appropriate agency representatives.

4

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 23 day of Nov 2004.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE