UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GINGER LEBLANC                                                    CIVIL ACTION

VERSUS                                                                  NO. 04-0923

JO ANNE BARNHART COMMISSIONER                    SECTION "A"(4)
OF SOCIAL SECURITY ADMINISTRATION

## ORDER

Plaintiff, Ginger LeBlanc, has submitted written objections to the Report and Recommendation filed by the United States Magistrate Judge.  The magistrate judge found no error in the Commissioner's final decision that LeBlanc is not entitled to Disability Insurance Benefits under the Social Security Act.  The Commissioner concluded that LeBlanc had the residual functional capacity to return to her past occupation as a cashier and computer shop assistant, as these jobs are rated at the light exertional unskilled work level.

LeBlanc contends that there is material post-hearing medical evidence that has not been considered to date.  LeBlanc contends that this evidence confirms the physical basis of her disability.  Given the severity of LeBlanc's ailments, the Court concurs with her suggestion that this matter be remanded to the Commissioner for further consideration in light of the new evidence.

LeBlanc also contends that the ALJ failed to develop the administrative record, which

contains minimal evidence regarding LeBlanc's mental disability, because he did not obtain her complete psychiatric record.  An ALJ has an affirmative duty to develop the administrative record in a disability benefits case.  *Tejada v. Apfel*, 167 F.3d 770 (2d Cir. 1999).  The Secretary's regulations state that, "[b]efore we make a determination that you are not disabled, we will develop your complete medical history . . . [and] will make every reasonable effort to help you get medical reports from your own medical sources when you give us permission to request the reports."  20 C.F.R. § 404.1512(d).  Further, the regulations state that, "[w]hen the evidence we receive from your treating physician . . . or other medical source is inadequate for us to determine whether you are disabled . . . [w]e will first recontact your treating physician . . . or other medical source to determine whether the additional information we need is readily available."  20 C.F.R. § 404.1512(e).  "If the ALJ does not satisfy his duty [to fully develop the record], his decision is not substantially justified."  *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).  However, his decision may be reversed only if the applicant shows that she was prejudiced.  *Id.*  "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision."  *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984).

    Here, LeBlanc contends that she suffers from severe depression and has undergone extensive treatment.  She contends that the administrative record lacks records from psychologist Dr. Wilkinson, who saw her on numerous occasions.  The record currently contains limited evidence of Plaintiff's treatment with Dr. Wilkinson.  Because the Court believes that these records might have led to a different decision, this matter should be remanded to the

Commissioner for development of the record.

LeBlanc also contends that the ALJ failed to adequately consider and give controlling weight to the well-documented and consistent findings of disability set forth by her treating physicians. She asserts that the ALJ instead based his opinion on her single visit with Dr. John Sweeney, whom she was sent to by the Social Security Administration. Further, she claims that Dr. Sweeney's exam was incomplete, as he admitted that he had not reviewed the entire record on her.

"Although not conclusive, an evaluation by the claimant's treating physician should be accorded great weight." *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (citing *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994)). The opinion of a treating physician "on the nature and severity of a patient's impairment will be given controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence.'" *Id.* (quoting 20 C.F.R. § 404.1527(d)(d)). It causes the Court concern that the ALJ placed so much reliance on LeBlanc's *single* visit with Dr. Sweeney, whose evaluation was allegedly based on an incomplete record. Thus, the Court agrees with LeBlanc that this matter should be remanded to the Commissioner for further consideration of the record.

Accordingly,

**IT IS ORDERED** that the decision of the Commissioner is **VACATED** and this matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

New Orleans, Louisiana, January 18, 2006.

_____
UNITED STATES DISTRICT JUDGE